SUMMARY ORDER

Petitioner Xian Long Ou, a native and citizen of the People’s Republic of China, seeks review of an August 19, 2008 order of the BIA affirming the August 18, 2006 decision of Immigration Judge (“IJ”) Thomas J. Mulligan, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Xian Long Ou, No. A99 683 028 (B.I.A. Aug. 19, 2008), affg No. A99 683 028 (Immig. Ct. N.Y. City Aug. 18, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As an initial matter, to the extent that Ou challenges the IJ’s pretermission of his asylum application as untimely, we lack jurisdiction and therefore dismiss his petition for review. See 8 U.S.C. § 1158(a)(3). Thus, we review only Ou’s challenge to the agency’s denial of his applications for withholding of removal and CAT relief.
*289 When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii); see Matter of J-Y-C-, 24 I. & N. Dec. 260, 265 (B.I.A.2007).
Substantial evidence supports the IJ’s adverse credibility determination. The IJ drew a negative inference as to Ou’s credibility after observing his demeanor. Specifically, the IJ indicated that Ou paused for a long time before answering the IJ’s questions and looked around while answering. Because particular deference is given to the trier of fact’s assessment of demeanor, and the record supports the IJ’s finding, the IJ did not err in basing his adverse credibility determination, in part, on Ou’s demeanor. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005). It was also not improper for the IJ to rely on Ou’s confusing testimony regarding the use of his passport when the IJ provided Ou several opportunities to explain and clarify his testimony, which Ou failed to do. See Zhi Wei Pang v. BCIS, 448 F.3d 102, 109-10 (2d Cir.2006); Ming Shi Xue v. BIA, 439 F.3d 111, 124 (2d Cir.2006).
The IJ erred, however, in finding a discrepancy between Ou’s asylum application and testimony regarding whether Ou’s wife went into hiding with him. This error notwithstanding, considering the totality of the circumstances, substantial evidence supports the IJ’s finding that Ou was not credible and we are confident that the IJ would make the same adverse credibility finding absent this error. See 8 U.S.C. § 1158(b)(1)(B)(iii); Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 339 (2d Cir.2006).
Because the only evidence of a threat to Ou’s life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DISMISSED in part and otherwise' DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).